The order below is hereby signed.

Signed: March 6 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re:<br><br>**REPMGMT INC. CHARTERED**,<br>d/b/a Fireside Campaigns,<br><br>Debtor and Debtor in Possession | ) | Case No. 23-00375<br><br>Chapter 11 |
| **REPMGMT INC. CHARTERED**,<br>d/b/a Fireside Campaigns,<br><br>Plaintiff<br><br>v.<br><br>**HEADWAY CAPITAL, LLC**,<br><br>Defendant | ) | Adversary No 24-10005-ELG |

## <u>ORDER OF JUDGMENT AND DISMISSAL</u>

This matter coming before the Court upon the motion (the "**Motion**") of RepMGMT Inc. Chartered, d/b/a Fireside Campaigns ("**Plaintiff**" or the "**Debtor**"), the debtor and debtor in possession in the above-captioned case (this "**Case**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9019-1 of the Local Rules of the U.S. Bankruptcy Court for the District of Virginia (the "**Local Rules**"), for entry of an order approving that certain Settlement Agreement, dated February 13, 2024, by and between the Plaintiff and Headway Capital, LLC ("**Defendant**"), the Court having reviewed the Motion and

its subject Settlement Agreement and having been advised on the premises; the Court having found that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (c) the Debtor provided the required notice of the Motion under Bankruptcy Rules 9019 and 2002, and no other further notice is required, and (e) granting the relief provided for in this Order is in the best interests of the estate, its creditors and other parties in interest; **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. The Settlement Agreement is approved.

3. The Court hereby enters a judgment holding that (a) the Debtor, as debtor in possession, pursuant to 11 U.S.C. § 544(a), has avoided the security interest that the Debtor had transferred to Defendant in that certain Business-Use Line of Credit and Security Agreement, dated February 23, 2023, between the Debtor and Defendant (the "**Security Agreement**"); and (b) any and all claims arising under the Security Agreement are non-priority unsecured claims; and (c) Defendant's Proof of Claim No. 10-2 in the above-captioned Chapter 11 case shall be allowed as a general unsecured claim in the amount of Fifteen Thousand Five Hundred Fifty-Five and 60/100 ($15,555.60).

I ASK FOR THIS:

***/s/ Robert W. Lannan***

Robert W. Lannan (D.D.C. Bar No. 454965)
Lannan Legal PLLC
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
(202) 223-8901
robert.lannan@lannanlegal.com

*Counsel to the Debtor and Debtor in Possession*